IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY J. MURPHY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:22-cv-39-MHT-CWB |
| | ) |
| BLOOMIN BRANDS, | ) |
| | ) |
|     Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* Amended Complaint (Doc. 10) filed by Rodney J. Murphy. Pursuant to 28 U.S.C. § 636, referral has been made to the Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. 4). For the reasons set forth below, the undersigned Magistrate Judge now recommends that the Amended Complaint (Doc. 10) be dismissed without prejudice.

**I.    Introduction**

Murphy filed this case on January 21, 2022 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2). *In forma pauperis* status was granted, and service of process was deferred pending a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 5).

By Order entered December 28, 2022, Murphy was informed that the Complaint was deficient and was instructed to file an Amended Complaint "contain[ing] specific factual allegations about the defendant's conduct that address the required elements of the asserted claims (*i.e.*, Plaintiff must allege facts that would satisfy the elements listed herein for claims of discrimination and retaliation)." (Doc. 7 at p. 6).

1

Although Murphy did file an Amended Complaint (Doc. 10) by the imposed deadline, the undersigned finds that the amendment is deficient and that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## II.    Factual Background

Murphy alleges that Bloomin Brands violated Title VII of the Civil Rights Act of 1964 by (1) wrongfully terminating his employment and (2) by engaging in retaliation.  (Doc. 10 at p. 4). The Amended Complaint purports to base Murphy's discrimination claim upon "race," "religion," "national original," and "disability or perceived disability."  (*Id.*).  The Amended Complaint further describes the alleged retaliation as follows: "I was fired for complaining to upper management/Human Resources."  (*Id.*).

The only factual details that can be gleaned from the record are those contained within the Charge of Discrimination that Murphy filed with the Equal Employment Opportunity Commission on November 17, 2021.  (Doc. 1-1).[1]  Accepting those facts as true, Murphy was hired as a line cook in approximately March 2021. (Doc. 1-1 at p. 1).  On June 4, 2021, Murphy became involved in a verbal altercation with his manager, John Zalai, who then instructed him to go home.  (*Id.*). Shortly thereafter, Murphy sent a text message to Zalai asking for the regional manager's email address so that he could share his side of the interaction, but Zalai refused to supply the contact information.  (*Id.*).  Three days later, Murphy returned to work to ask if he had been fired, at which point Zalai told him to clock-in.  (*Id.*).  Murphy and Zalai had another verbal altercation a few minutes later, and Zalai terminated Murphy's employment.  (*Id.* at pp. 1-2).  On June 13, 2021,

---

[1] Because § 1915(e) review invokes the same standard as motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court may consider all exhibits attached to the Complaint.  *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (citing *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009)).

Murphy acquired the regional manager's email address and sent a complaint about Zalai's conduct. (*Id.* at p. 2; Doc. 1-1 at p. 5).

After not receiving a response from the regional manager, Murphy filed his formal Charge of Discrimination. (Doc. 1-1 at p. 1). It appears Murphy was told that he did not have a valid claim under Title VII because (1) he identified other employees in his protected class who had been treated more favorably, (2) he identified a nondiscriminatory reason for his termination, *i.e.*, insubordination, and (3) he did not engage in a protected activity until after he was terminated. (*Id.* at p. 2). Murphy alleges that he received a Notice of Right to Sue on or about November 23, 2021. (Doc. 1 at p. 5).

## II.     Legal Standard

Because Murphy was granted *in forma pauperis* status, the court is authorized to engage in a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e). Section 1915(e) in turn provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous[2] or malicious, (ii) fails to state a claim on which relief may be granted;[3] or (iii) seeks monetary relief against a defendant who is immune from such relief."

---

[2]  A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

[3]  Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, courts do not consider "any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

28 U.S.C. § 1915(e)(2)(B).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nonetheless, a *pro se* complaint still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, a *pro se* litigant must comply with the Rule 8 "short and plain statement" requirements and set out an entitlement to relief. *See* Fed. R. Civ. P. 8(a).

**IV.   Discussion**

With respect to Murphy's claim for discrimination in violation of Title VII, absolutely nothing in the Complaint, the Amended Complaint, or the annexed materials suggests any type of adverse employment action predicated upon Murphy's race, religion, national original, or disability status. Murphy has provided no factual averments whatsoever that would plausibly support an inference that the conditions or termination of his employment resulted from discriminatory animus. Certainly he has not alleged facts that he was treated less favorably than a similarly-situated individual outside of his protected class. If anything, his grievances appear simply to involve general employment dissatisfaction with no apparent connection to any type of unlawful considerations or conduct by Bloomin Brands.

With respect to his claim for retaliation, the Complaint, the Amended Complaint, and the annexed materials likewise are devoid of factual averments that Murphy engaged in protected activity prior to suffering an adverse employment action. Murphy does not allege that he complained about any type of discriminatory or other unlawful conduct at any point prior to the filing of his post-termination Charge of Discrimination. Even in his email to the regional manager in the aftermath of the termination decision, Murphy did not assert that his termination had been due to any underlying discrimination or in response to any complaints about discrimination.

In short, and despite the directives provided in the December 28, 2022 Order, the Amended Complaint suffers from many—if not all—of the same fatal flaws as Murphy's original Complaint. Murphy has done nothing more than "offer[] labels and conclusions" and "tender[] naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Such "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to satisfy the obligations imposed upon all parties by the Federal Rules of Civil Procedure. Stated differently, Murphy has failed to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. He thus has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**IV.   Conclusion**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

It is **ORDERED** that any objections to this Recommendation must be filed by March 28, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 14th day of March 2023.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**